## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WINFRED CAMPBELL (#161377)**                              **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                        **NO. 15-0409-SDD-EWD**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 12, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WINFRED CAMPBELL (#161377)**                                  **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                       **NO. 15-0409-SDD-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court in connection with Defendants' Motion to Dismiss (R. Doc. 15).  This motion is not opposed.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc and Dr. Randy Lavespere (referred to in Plaintiff's Complaint as Dr. "Ran" Lavespere), alleging that Defendants have violated his constitutional rights through deliberate indifference to his serious medical needs and through a failure to properly address his administrative grievance.  Plaintiff prays for monetary damages and for a release from his alleged "false imprisonment."

In response to Plaintiff's allegations, Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claim asserted against them in their official capacities for monetary damages.[1]  In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these

---

[1]     It is unclear from Plaintiff's pleadings whether he has named the defendants in their official and/or their individual capacities.   The Court, however, interprets the pleadings of *pro se* petitioners liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Accordingly, the Court will interpret Plaintiff's Complaint as naming Defendants in both capacities.

officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendants in their official capacity for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a

Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the Court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, Plaintiff alleges that on an unspecified date he received a written denial of an administrative grievance that he had submitted to prison officials, and he then appealed the denial to "step two" of the administrative process. He complains that as of the date of the filing of his Complaint, he had not received a response to the administrative appeal. Plaintiff further alleges in the Complaint that he had not seen a doctor at the prison for over a year and that he had not received medication for his "uncontrolled hypertension." Plaintiff acknowledges that he underwent a physical examination on an unspecified date, and he alleges that he informed defendant Dr. Lavespere at that time that he had "back surgery to repair ruptured disc, hearing problems, blurred vision due to glaucoma, [and a] bad valve in [his] heart." After the examination, however, defendant Lavespere allegedly informed Plaintiff that "nothing was wrong" and assigned Plaintiff to a permanent regular duty status at the prison.

In addressing Plaintiff's allegations, Defendants initially assert that Plaintiff has failed to include any factual assertions whatever as to Secretary James LeBlanc and that his claim asserted

against this defendant is deficient for this reason.  In this regard, in order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of a prisoner's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, a prisoner plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, it is clear that Plaintiff has failed to sufficiently allege that defendant LeBlanc has undertaken any action that may be characterized as a violation of Plaintiff's constitutional rights.  Plaintiff's Complaint identifies defendant LeBlanc as Secretary of the Louisiana Department of Public Safety and Corrections but makes no factual allegations whatever relative to this defendant, merely listing him in the section of the Complaint designated for identifying the parties to the proceeding.  Nor does Plaintiff assert that defendant LeBlanc has had any personal involvement in Plaintiff's medical care or duty assignments or has otherwise been aware that Plaintiff has faced any potential danger to his health or safety.  Accordingly, in

the absence of any allegation regarding the direct involvement of defendant LeBlanc in the events complained of and in the absence of any allegation regarding the implementation of an alleged wrongful policy or practice at LSP, Plaintiff's claim asserted against this defendant is without legal or factual foundation, and defendant LeBlanc is entitled to judgment as a matter of law.[2]

Turning to Plaintiff's claim asserted against Dr. Randy Lavespere, the remaining defendant in this case, defendant Lavespere asserts that he is entitled to qualified immunity in connection with Plaintiff's claim. Specifically, defendant Lavespere contends that Plaintiff has failed to sufficiently allege conduct on Defendant's part that rises to the level of a violation of Plaintiff's federal constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers (1) whether Defendants' conduct violated Plaintiff's constitutional rights and (2) whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement").

---

[2]     To the extent that Plaintiff's allegations may be interpreted as complaining that defendant LeBlanc failed to take appropriate action to investigate and/or respond to Plaintiff's administrative appeal, this claim is without constitutional merit. The law is clear that an inmate's assertion that prison officials have allegedly mishandled, improperly denied, or failed to investigate or respond to an administrative grievance or complaint fails to state a meritorious claim inasmuch as an inmate plaintiff is not constitutionally entitled to an investigation into his claims or complaints or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his administrative claims resolved to his satisfaction and that such a claim "is indisputably meritless").

Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established at the time of the alleged violation is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Saucier v. Katz, supra*, 194 U.S. at 202.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  *Id.* at 201.  *See also Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d 252, 262 (5th Cir. 2005).

Undertaking the qualified immunity analysis, the Court finds that the motion to dismiss of defendant Lavespere should be granted.  Specifically, the Court finds that Plaintiff's Complaint fails to allege facts sufficient to rise above a speculative level and allow the Court to draw the reasonable inference that defendant Lavespere has violated Plaintiff's constitutional rights and is liable for the conduct alleged.

Addressing first Plaintiff's claim that defendant Lavespere has failed to ensure that Plaintiff receives appropriate medical care or treatment, it is well-settled that to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must allege and show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Thomas v. Carter*, 593 Fed. Appx. 338, 342 (5th Cir. 2014), *citing Estelle v. Gamble*, 429 U.S. 97 (1976).  Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue because a prisoner's mere disagreement with his medical treatment, absent exceptional circumstances, does not support a claim of deliberate medical indifference.  *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006)*.*  Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of

action.  *See Zaunbrecher v. Gaudin,* __ Fed. Appx. __, 2016 WL 536874 (5th Cir. Feb. 10, 2016).

Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of

"deliberate indifference" under the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 839-

30 (1994).  A prison official acts with deliberate indifference only if the official (1) "knows that

inmates face a substantial risk of serious bodily harm," and (2) "disregards that risk by failing to

take reasonable measures to abate it."  *Gobert v. Caldwell*, *supra,* 463 F.3d at 346, *quoting Farmer

v. Brennan, supra,* 511 U.S. at 847.

    The deliberate indifference standard sets a very high bar.  Plaintiff must be able to establish

that the defendants "refused to treat him, ignored his complaints, intentionally treated him

incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

any serious medical needs."  *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th

Cir. 2001), *quoting Estelle v. Gamble, supra*.  Further, a mere delay in providing medical treatment

does not amount to a constitutional violation without both deliberate indifference and a resulting

substantial harm.  *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006), *citing Mendoza v. Lynaugh*,

989 F.2d 191, 195 (5th Cir. 1993).  Finally, the same standard applies in connection with an

inmate's work assignments.  Specifically, prison work requirements may constitute an Eighth

Amendment violation when prison officials exhibit deliberate indifference by knowingly

compelling an inmate to perform physical labor that is beyond his strength, that constitutes a

danger to his life or health, or that is unduly painful.  *See Williams v. Wooten*, 119 Fed. Appx. 625,

626 (5th Cir. 2004), *citing Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983).

    In the instant case, Plaintiff's allegations do not provide sufficient factual detail to elevate

his claim for relief against defendant Lavespere "above the speculative level," which is what is

required to survive a motion to dismiss for failure to state a claim upon which relief may be

granted.  *See Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  The entirety of Plaintiff factual allegations in the Complaint are that:

> I have not seen a doctor for over a year and not had any med's for my uncontrolled hypertension.  I told Dr. Ran Lavespere before he had me take an physical examination that I had back surgery to repair ruptured disc, hearing problems, blurred vision due to glaucoma, bad valve in my heart.  But after being examined the doctor told me that nothing was wrong with me and put me on regular work duty permanent.

*See* R. Doc. 8 at pp. 4-5.  These allegations make reference only to a single interaction between Plaintiff and defendant Lavespere on an unspecified date, and the most that can be inferred from the factual assertion is that Plaintiff is in disagreement with Defendant's evaluation and medical opinion.  Notwithstanding, Plaintiff acknowledges that a physical examination was conducted at Dr. Lavespere's request and that defendant Lavespere expressed a professional opinion regarding Plaintiff's condition.  Plaintiff does not specifically allege that he has since requested further consultation or a re-evaluation with Dr. Lavespere, that any such request has been ignored or refused, or that Plaintiff has suffered any harm in fact as a result of Defendant's alleged misdiagnosis or improper evaluation of Plaintiff's condition.  Thus, Plaintiff's factual assertions are entirely conclusory and do not reflect that defendant Lavespere has in fact been deliberately indifferent to Plaintiff's serious medical needs.  *See Corte v. Schaffer*, 24 F.3d 237 (5th Cir. 1994) (concluding that, contrary to the plaintiff's allegation that he had received "no treatment," he had failed to demonstrate deliberate indifference where he had been seen and evaluated by prison medical personnel).

A similar result is warranted in connection with Plaintiff's claim regarding his duty status.  Whereas he apparently believes that he should not be assigned a regular duty status, this assertion is one of mere disagreement with the assessment made by medical personnel at LSP regarding the restrictions and limitations appropriate to Plaintiff's condition.  Even were Plaintiff to make a

showing that such an assessment is potentially incorrect, it would amount to no more than a showing of mere negligence or misdiagnosis that does not support a claim of deliberate medical indifference under § 1983.

Although Plaintiff is apparently dissatisfied with the medical care that has been provided to him at LSP, such dissatisfaction does not alone support a claim of deliberate medical indifference.  Liberally construing Plaintiff's Complaint, the Court finds that his conclusory allegations at best set forth a claim of negligence or mis-diagnosis on the part of defendant Lavespere, and such a claim is not sufficient to amount to a claim of deliberate indifference to Plaintiff's serious medical needs.  As noted above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  Where, as here, Plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," *id.* at 679, and where Plaintiff has failed to come forward and present any argument, authority or additional information to meet Defendant's assertion of qualified immunity, Plaintiff's claim asserted against defendant Lavespere is subject to dismissal as a matter of law.[3]

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if Plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over

---

[3]        Plaintiff's Complaint also includes, as a prayer for relief, a request that he be released from his "false imprisonment."  *See* R. Doc. 8 at p. 5.  This relief is not available in connection with a proceeding brought pursuant to § 1983.  To the extent Plaintiff may wish to pursue a release from confinement, he is advised that he should file an application for habeas corpus relief in accordance with 28 U.S.C. § 2254.

which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, considering that the Court recommends the dismissal of Plaintiff's federal claims asserted herein, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

### **<u>RECOMMENDATION</u>**

It is recommended that the Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims and that Defendants' Motion to Dismiss (R. Doc. 15) be granted, dismissing Plaintiff's claims asserted against Defendants, with prejudice, for failure to state a claim upon which relief may be granted, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 12, 2016 .


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**